[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION VISITATION SCHEDULE AND ATTORNEYS FEES
There are several motions before the court. One for visitation schedule, three for attorneys fees, one for withdrawal as counsel for the child.
The visitation schedule is agreed to by the parties in open court except for the plaintiff's objection to a weeks' vacation in July and a week in August with the father. The court nevertheless ordered that along with the following CT Page 2326 schedule:
I COURT ORDERED VISITATION SCHEDULE:
A. WITH FATHER
 1. Father's Day 2. Father's Birthday 3. Christmas Eve — All day until 9:00 pm 4. Half of Thanksgiving Day 5. One week summer visitation in July 6. One week summer visitation in August. 7. July 4th to be alternated, plaintiff to have this year the defendant next year. 8. Also the child's birthday which was not mentioned should be split as are Thanksgiving and Christmas.
B. WITH MOTHER:
 1. Mother's Day 2. Mother's Birthday 3. Christmas Day all day 4. Easter 5. Half of Thanksgiving Day
II. TELEPHONE CONTACT:
A. With mother — permission granted to call child once a day while father is exercising his visitation.
III. COUNSELING: Both parties agreed and promise to seek independent counseling, as well as joint periodic counseling to better enable them in their joint parenting of five year old child, Molly.
On the motion for counsel fees all the counsel fees appear reasonable. The court however would not order the plaintiff to pay the defendant counsel fees. While it does appear that plaintiff's conduct in leaving the jurisdiction with the child and thus preventing the defendant from seeing the child for a period of two years was unwise at best, it does appear to the court that the mother had a genuine concern about the child's welfare, and acted impulsively because of that. In addition since that time the plaintiff has been within the court's jurisdiction and has complied largely with court orders, particularly with respect to visitation, even though she had some question about the wisdom of doing so. Consequently, the court will not order the plaintiff to pay counsel fees to the defendant. Furthermore, there are not adequate finances on either side in this case to pay anything CT Page 2327 but minimal fees.
Moreover, neither one has liquid assets available for such purpose.
The motion for counsel fees on the part of counsel for the child is granted to the extent that the court finds the request reasonable but does not see how the parties are in any position to pay it, at least other than by periodic payments.
The court will order that both parties share in the responsibility for paying for those fees over a period of time. The court will also order that both parties share the responsibility for paying the guardian ad litem fees again over a period of time.
The motion of the counsel for the child, Mr. Henderson, to withdraw is denied, and he is requested to remain for three months from the date of the trial which is almost over with. The court is grateful to Ms. Sharp for her offer to remain as guardian ad litem whether or not she was going to be reimbursed for her fees and expenses and accepts the same.
The court would appreciate a report from both Mr. Henderson and Ms. Sharp by April 1, 1992, as to what if any progress, has been made along the lines suggested in open court of counseling for the parties and for the child and the visitation schedule which was set forth at that time.
It is so ordered.
MARGARET C. DRISCOLL STATE TRIAL REFEREE